UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KEVIN RICARDO MORLEY, JR.,

    Plaintiff,

v.

GYRO & PITA LLC,
SPYROS ALEXANDER KARAVIAS,

    Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, KEVIN RICARDO MORLEY, JR., brings this action against Defendants, GYRO & PITA LLC and SPYROS ALEXANDER KARAVIAS, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff KEVIN RICARDO MORLEY, JR. was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, GYRO & PITA LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of greek restaurant operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with two or more of its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. Defendant GYRO & PITA LLC and the restaurant Fresh F&B, LLC d/b/a Freshko Gourmet d/b/a Fresco Gourmet Espresso Bar are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business

purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

5. Defendant GYRO & PITA LLC uses ingredients and kitchen tools manufactured and produced outside Florida to prepare its food.

6. Defendant, SPYROS ALEXANDER KARAVIAS, is a resident of Miami-Dade County, Florida and was, and now is, the managing agent, director and owner of Defendant, GYRO & PITA LLC; said Defendant acted and acts directly in the interests of Defendant, GYRO & PITA LLC, in relation to said co-Defendant's employees. Defendant effectively dominates GYRO & PITA LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation in relation its employees and had the authority to direct and control the work of others. Thus, SPYROS ALEXANDER KARAVIAS was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. Defendant SPYROS ALEXANDER KARAVIAS controlled Plaintiff's pay and duties, and hiring and firing authority over Plaintiff.

8. Plaintiff worked for Defendants as a cook.

9. Defendants failed to pay Plaintiff his full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all overtime hours worked.

10. Defendants failed to pay Plaintiff his full and proper minimum wages for all hours worked.

11. Plaintiff has attached a statement of claim as <u>Exhibit A</u> to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

12. Defendants have knowingly and willfully refused to pay Plaintiffs their legally-entitled wages.

13. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

14. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

15. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## VIOLATION OF ANTI-RETALIATION PROVISION OF FLSA
## ALL DEFENDANTS

18. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-17 above as if set forth herein in full.

22. Plaintiff complained to Defendants about not getting paid his overtime.

23. Plaintiff advised Defendants that he would make a claim for his unpaid overtime.

24. Shortly thereafter, on or about December 21, 2016, Defendants retaliated against Plaintiff by terminated Plaintiff's employment .

25. Defendants' termination of Plaintiff was in violation of 29 U.S.C. section 215(a)(3).

25. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered losses and will suffer losses including, but not limited to, loss of wages, benefits, other remuneration and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, including but not limited to back and front pay, lost benefits and other remuneration and an additional equal amount as liquidated damages (see 29 U.S.C. § 216(b)), appropriate equitable relief (e.g., employment, reinstatement, promotion), damages for emotional distress, award of cost, fees and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791